**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:    23-CR-246 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHRYN KIMBALL MIZELLE |
| | ) | |
| -vs- | ) | SENTENCING MEMORANDUM |
| | ) | |
| SALEH YUSUF SALEH, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, by and through undersigned counsel, submits the following memorandum and exhibits, in accordance with this Court's Order dated August 23, 2023 (Doc# 68), for consideration at the Defendant's sentencing hearing scheduled for November 30, 2023.

Respectfully submitted,

*/s/ Scott J. Friedman*
Scott J. Friedman (Ohio Bar #0084852)
sfriedman@sfriedman-law.com
IMG Building, Suite 600
1360 East 9th Street
Cleveland, OH  44114
216-241-1007 (Fax:  216-241-5464)

*/s/ James M. Kersey*
James M. Kersey (Ohio Bar #0017785)
1360 East 9th Street
Suite 600, IMG Building
Cleveland, Ohio 44114
Telephone: (216) 241-3470
Facsimile: (216) 241-5464
Email: jkersey1@ameritech.net
**Counsel for Defendant**

# MEMORANDUM

## I.    Introduction.

On August 23, 2023, Saleh Yusef Saleh pleaded guilty to a two-count information.  Count one alleged that Saleh violated 18 U.S.C. 924(o) by conspiring to possess firearms in furtherance of a drug crime and count two alleged that Saleh violated 18 U.S.C. 1956, money laundering. Saleh provided firearms to his codefendant, who then sold the firearms to undercover ATF agents posing as members of a Mexican drug cartel.  The parties have agreed that the sentences for count one and count two of the information should run concurrently.

Saleh was arrested on March 2, 2023 and, shortly after his arrest, he agreed to waive his *Miranda* rights, speak with investigators, and admitted to his conduct.  As part of the plea agreement, he agreed to forfeit $8,005.00 and a substantial number of firearm components.  He further agreed to waive a grand jury and proceed by information.  While he was in custody, Saleh completed the following courses: Drug & Alcohol Awareness; Life Skills; Parenting Skills; Anger Management; Conflict Resolution; and Domestic Violence Class.  On May 5, 2023, this Court released Saleh and ordered him to remain on home incarceration.  (Doc# 35.)  Saleh remained compliant with all conditions of his release and, on August 8, 2023, the Court modified the conditions of release to permit him to leave his residence for work and religious services. (Doc#61.)  Since this modification, he regularly works at this father's convenience store, SDM Food Mart.

## II.    The Defendant's Background.

Saleh was born on March 8, 1998 and his parents divorced when he was four years old. He was primarily raised by his mother and his family struggled financially; they relied on public

assistance and often went without gas and electricity. On the infrequent occasions that he did spend time with his father, his father would make him work at his convenience store. Saleh's relationship with his mother became strained after she remarried, and Saleh moved in with his grandfather at age 16. Saleh's mother died in 2021 at the age of 45. Since then, his relationship with his father began to improve and Saleh continues to work at his father's store.

As a student, Saleh struggled throughout his childhood. He was often bullied and attended special education classes. He stopped attending school in the 11th grade. He obtained his GED on June 2, 2023. Saleh has maintained steady employment since 2016, either working for different moving companies or in this father's convenience store.

Saleh began using marijuana when he was 15 years old and reported daily use between the ages of 18 and 24 years. However, he has never tested positive for marijuana, other illegal drugs, or alcohol during his time on pretrial release.

His family remains supportive and a positive influence on his life. The attached letters demonstrate that Saleh is a loyal friend, devoted family member, and shows genuine remorse for his conduct.

### III.    Sentencing Recommendation.

When sentencing a defendant, the court must consider all the sentencing factors enumerated in 18 U.S.C. 3553(a). These factors include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed to be sufficient, but not greater than necessary;

    A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B) to afford adequate deterrence to criminal conduct;

C) to protect the public from further crimes of the defendant; and

D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the advisory guideline range;

5) any pertinent policy statement issued by the Sentencing Commission; and

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Supreme Court's opinion in *United States* v. *Booker*, 543 U.S. 220, 244, 245, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) instructed district courts to read the United States Sentencing Guidelines as "effectively advisory." "In accord with 18 U.S.C. § 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence. *Booker* further instructed that 'reasonableness' is the standard controlling appellate review of the sentences district courts impose." *Kimbrough v. United States*, 552 U.S. 85, 90, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

Since the time of his arrest, Saleh has accepted responsibility for his conduct and cooperated with authorities. Saleh has no juvenile or adult criminal history prior to this case. Section 4C1.1 of the updated sentencing guidelines provides a 2-point decrease in the offense level for certain "zero-point offenders." While Saleh does not qualify for this reduction because his offense involved firearms, it is nonetheless important to emphasize that this new reduction was enacted due to the well-settled fact that zero-point offenders, like Saleh, have a substantially lower rate of recidivism compared to other offenders. In several studies, the Sentencing Commission

found that zero-point offenders recidivated far less than other offenders; 27% vs. 42% for one-point offenders, and 49% for offenders overall.[1]

Additionally, the Defense asks that this Court consider Saleh's commitment to self-improvement since his arrest; he attended several classes while in custody and received his GED in June. He has a consistent work history and strong support system in the community, as evidenced by the letters that accompany this Memorandum. Further, he cooperated with authorities since his arrest and remains eager to take whatever steps necessary to make amends for his mistakes. In considering the information provided in the presentence investigation report, the letters of support provided with this Memorandum, and the fact that Saleh has no prior criminal history, it is evident that Saleh's conduct that led to his arrest was an isolated occurrence and was contrary to his true character. With these factors in mind, the Defense submits that a sentence within the guideline range is far greater than necessary to fulfill the purposes outlined in 18 U.S.C. 3553(a), and respectfully requests that this Court consider a sentencing range below the applicable guidelines. In accordance with paragraph 7 of the plea agreement, the defense further requests that sentences for counts one and two run concurrently.

Finally, the defense requests that any sentence of incarceration be served at FCI Morgantown, to permit Saleh to be near family, and that he be permitted to self-report on or after February 1, 2023.

---

[1] "2023 Amendments in Brief," https://www.ussc.gov/policymaking/amendments/2023-criminal-history-amendment, last visited November 19, 2023.

Respectfully submitted,

*/s/ Scott J. Friedman*
Scott J. Friedman (Ohio Bar #0084852)
sfriedman@sfriedman-law.com
IMG Building, Suite 600
1360 East 9th Street
Cleveland, OH  44114
216-241-1007 (Fax:  216-241-5464)

*/s/ James M. Kersey*
James M. Kersey (Ohio Bar #0017785)
1360 East 9th Street
Suite 600, IMG Building
Cleveland, Ohio 44114
Telephone: (216) 241-3470
Facsimile: (216) 241-5464
Email: jkersey1@ameritech.net
**Counsel for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies a copy of the foregoing has been filed electronically under seal this 22nd day of November 2023. A copy of this Memo and the accompanying exhibits have been served upon all parties via the court's electronic filing system.

*<u>/s/ Scott J. Friedman</u>*
SCOTT J. FRIEDMAN (#0084852)
sfriedman@sfriedman-law.com
ATTORNEY FOR DEFENDANT